RECEIVED

JAN 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Grant North<br>12270 S 2600 W<br>Riverton, UT 84065<br>801-254-7697<br><br>vs,<br><br>UNITED STATES | ) <br>) <br>) CASE NO. 1:06-cv-01516 EGS<br>) <br>) (PLAINTIFF(S) DEMAND A TRIAL BY<br>) JURY OF ALL ISSUES SO TRIABLE)<br>) <br>) <br>) |

AMENDED COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Grant North , plaintiff(s) amend his/her/their, complaint for statutory and/or actual and punitive damages as follows:

I

## INTRODUCTION

1. This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by Connie G Miller #31-10-1465 and other unknown agents (herein agent(s)) of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code. Venue is proper in this Court under 28 U.S.C. §1391(e).

## II

## FACTS

3. Grant North is/are (an) individual(s) who at all times material hereto resided at 12270 S 2600 W, Riverton, UT 84065..

4. On or about 2002 and 2006, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Salt Lake, County, State of Utah (a) Notice(s) of Tax Lien(s)[1]

5. Each Notice of Tax Lien wrongfully discloses, through the public record, tax return information, such as name, address, city, state, social security number, amount of assessment, etc.

6. The wrongful disclosure of plaintiffs' return information has caused plaintiff(s) substantial mental and emotional distress.

7. The wrongful disclosure of plaintiffs' return information has subjected plaintiff(s) to the real possibility of identity theft.

8. It was not necessary for the aforementioned agent(s) to place on the aforementioned Notice(s) of tax lien(s) tax return information which subjects plaintiff(s) to the possibility of identity theft.

---

[1] *Tomlinson v. United States*, 1991 WL 338328, (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of underlying liens and levies is irrelevant), *affd* 977 F.2d 591 (9th Cir. 1992); *Flippo v.United States*, 670 F.Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."),*aff'd,*849 F.2d 604 (4th Cir. 1988).

9. Agent(s) disclosure(s) were/was not in good faith or there existed no good faith in disclosure of the information.

10. A reasonable Internal Revenue Agent can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agents's contrary interpretation is not in good faith.

11. Agent did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the aforementioned liens.

12. On information and belief, the agent(s) involved in this case has/have (all) received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

III

LEGAL AUTHORITY

13. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

14. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing for the disclosure of the return information contained in the aforementioned

lien(s) "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

15. The disclosure(s) described above is/are (an) intentional, negligent, and/or glossily negligent disclosure(s) of "return information" in violation of Section 6103 and for which plaintiff(s) is/are entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

16. The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agent(s) and the other agents involved herein has/have caused plaintiff(s) substantial personal embarrassment, loss of good will, loss in credit, the extent of which at this time cannot be completely and accurately ascertained but which will be more fully known after the completion of discovery.

17. The intentionally and/or grossly negligent unlawful disclosures by the aforementioned agent(s) and the other agents involved herein entitles plaintiff(s) to punitive damages the extent of which at this time cannot be accurately ascertained by which will be

  more fully known after the completion of discovery.

18. Based on the aforementioned unlawful disclosures plaintiff(s) contend that they are entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

  **WHEREFORE**, plaintiff(s) request(s) after trial of this case that judgement be entered in his/her/their favor against the United States for actual and punitive damages, the costs of this action, expungement of the aforementioned liens and such other and further relief to which plaintiff(s) is/are entitled.

Dated JAN 05 , 2007

_Grant North_
Grant North

### Acknowledgment

  On the above inscribed date before the undersigned, a Notary Public for the State of Utah, personally appeared, Grant North, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_Vicki McCollin_
Notary, State of Utah



Notary Public
VICKI L. MCCOLLIN
140 West 9000 South, Suite 9
Sandy, Utah 84070
My Commission Expires
February 13, 2009
State of Utah

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Nicole M. Stoduto
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044

Dated  Jan 5           , 2007

*Grant North*
Grant North